ROY RASPANTI

VERSUS

E. JOHN LITCHFIELD AND
BERRIGAN LITCHFIELD,
SCHONEKAS, MANN, TRAINA
AND THOMPSON, L.L.C.

* NO. 2019-CA-0523

*

* COURT OF APPEAL

* FOURTH CIRCUIT

* STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2002-02350, DIVISION "M"
Honorable Paulette R. Irons, Judge

\* \* \* \* \* \*

**Judge Paula A. Brown**

\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Paula A. Brown)

**BELSOME, J., CONCURS IN THE RESULT.**

Roy A. Raspanti
ATTORNEY AT LAW
110 Veterans Memorial Boulevard
Suite 360
Metairie, LA 70005-4930

     COUNSEL FOR PLAINTIFF/APPELLANT

George F. Kelly, III
ATTORNEY AT LAW
2917 Magazine Street
Suite 201
New Orleans, LA 70115-3197

     COUNSEL FOR DEFENDANT/APPELLEE

**JUDGMENT AFFIRMED IN PART; REVERSED IN PART**
**FEBRUARY 12, 2020**

This matter arises out of a fee dispute between attorneys—Plaintiff, Roy Raspanti ("Mr. Raspanti") and Defendants, Berrigan, Litchfield, Schonekas, Mann, Trainor and Thompson, LLC, Berrigan, Litchfield, Schonekas, Mann, Trainor and Thompson, a partnership including professional law corporations, Joseph E. Berrigan, Jr., Arthur S. Mann, III, Frederick F. Olsen, Jr. and Allen H. Danielson (collectively, "Berrigan Litchfield"). Mr. Raspanti filed a motion for summary judgment seeking to have an oral attorney fee agreement (the "Fee Agreement') judicially dissolved on the basis that it was an "illicit" contract in violation of Rule 1.5(e) of the Rules of Professional Conduct. In turn, Berrigan Litchfield filed an exception of no right of action premised on the unclean hands doctrine. Mr. Raspanti seeks review of the district court's judgment, granting Berrigan Litchfield's exception of no right of action and denying Mr. Raspanti's motion for partial summary judgment.

For the reasons discussed, *infra*, we find the Fee Agreement is not in violation of Rule 1.5(e) of the Rules of Professional Conduct; as such, the unclean hands doctrine does not bar Mr. Raspanti's right of action to bring this suit. We further find genuine issues of material fact remain which preclude Mr. Raspanti's

entitlement to summary judgment. Therefore, the judgment of the district court is affirmed in part and reversed in part.

## FACTUAL AND PROCEDURAL HISTORY

This case, having been before this Court on two prior occasions, has a storied history.[1] E. John Litchfield ("Mr. Litchfield"), an attorney with the Berrigan Litchfield law firm, engaged in fee sharing in the referral of cases to Mr. Raspanti. In March 1988, Mr. Litchfield referred Connie and Greg Byrd's (the "Byrds") personal injury case to Mr. Raspanti. After successfully concluding the Byrds' litigation, Mr. Raspanti received $596,606.31 in attorney's fees.

In November 1991, the Byrds' former attorneys, Robert Keaty and Thomas Keaty (the "Keatys"), sued Mr. Raspanti for the attorney's fees he recovered in the Byrds' litigation. The Keatys alleged Mr. Respanti engaged in tortious interference of the Keatys' contract with the Byrds and claimed unjust enrichment.[2]

In April 1992, Mr. Raspanti paid Berrigan Litchfield $292,303.15, half of the attorney's fee award. Later that month, Berrigan Litchfield and Mr. Raspanti orally agreed each would share one-half of the costs and attorney fees to defend the Keatys' lawsuit against Mr. Raspanti.[3] During the course of the Keatys' litigation, Berrigan Litchfield paid Joseph Raspanti, Mr. Raspanti's brother, $8,286.00—one-half of his attorney's fee bill. Mr. Raspanti, however, claims Berrigan Litchfield

---

[1] The facts and procedural history are hereby adopted from *Raspanti v. Litchfield*, 2005-1512, 2006-0331 (La. App. 4 Cir. 11/21/06), 946 So.2d 234 ("*Raspanti I*") and *Raspanti v. Litchfield*, 2011-0993 (La. App. 4 Cir. 4/11/12), 89 So.3d 1262 *("Raspanti II"*).

[2] The Keatys filed a second suit in February 1992, seeking to recover attorney's fees on a quantum meruit basis.

[3] As will be discussed *infra*, the parties dispute the scope of the agreement.

failed to pay costs in the amount of $5,200.00; half of William Cherbonnier's[4] $9,887.12 attorney's fee bill; and one-half of Mr. Raspanti's $59,350.00 attorney's fee bill he incurred as a result of representing himself.

Mr. Raspanti notified Berrigan Litchfield in August 2001 that he considered the Fee Agreement dissolved based on Berrigan Litchfield's failure to pay its one-half share of the Keatys' defense costs, including attorney's fees of lawyers retained by Mr. Raspanti and Mr. Raspanti's attorney fee bill. Almost 10 years later, on February 13, 2002, Mr. Raspanti filed a Petition for Judicial Dissolution of a Contract, or in the Alternative, for Annulment of an Absolutely Null Contract (the "Petition") against Berrigan Litchfield and Mr. Litchfield, personally, seeking the return of the $292,303.15 legal fee tendered to Berrigan Litchfield. Mr. Raspanti's Petition asserted, in part, the following:

Paragraph VI.

> In April 1992, plaintiff Roy Raspanti received the $596,606.31 fee. In that same April, 1992, defendant Litchfield personally, and on behalf of defendant Berrigan, Litchfield, agreed to pay one-half of the cost of defending the Keaty v. Raspanti matter, including attorneys' fees and that he and defendant Berrigan Litchfield would be responsible for one-half of any amounts that Roy Raspanti had to pay in the event of a judgment or settlement of said matter. In consideration of those two obligations on the part of defendant Litchfield and defendant Berrigan Litchfileld, and the limited assistance defendant Litchfield rendered to Roy Raspanti in the representation of Greg and Connie Byrd in Byrd v. Bossier, Roy Raspanti agreed to give and gave defendant Litchfield and defendant Berrigan Litchfield $292,305.15 out of the fee he, Roy Raspanti, realized from his representation of the Byrds. This oral agreement was confected in New Orleans, Louisiana.

Based on Berrigan Litchfield's alleged failure to fulfill its obligations under the Fee Agreement, Mr. Raspanti requested the Fee Agreement be judicially dissolved

---

[4] In addition to Joseph Raspanti, Mr. Raspanti also retained William Cherbonnier to defend him against the Keatys' lawsuit.

in accordance with La. C.C. Art. 2013[5] and for judgment declaring the Fee Agreement an absolute nullity pursuant to La. C.C. art. 2030.[6]

In its answer, Berrigan Litchfield admitted that the parties orally agreed for each to bear one-half of reasonable and necessary costs, such as court costs and deposition costs, in defense of the Keatys' lawsuit, and to pay one-half of any sums paid or awarded to the Keatys. Berrigan Litchfield denied that it agreed to pay some of the attorney's fees and costs claimed by Mr. Raspanti. Berrigan Litchfield asserted it acted in accord with the spirit of the Fee Agreement, and maintained the $292,303.15 fee it received was reasonable. A peremptory exception of no cause of action was also filed on behalf of Mr. Litchfield, maintaining that Mr. Raspanti had no cause of action against Mr. Litchfield in his personal capacity.

In April 2005, in *Raspanti I*, Berrigan Litchfield filed a motion to compel, alleging that Mr. Raspanti had failed to comply with any of their discovery demands. In response, Mr. Raspanti denied the allegations and filed a motion for summary judgment. The district court granted the motion to compel and ordered Mr. Raspanti to provide responses by June 6, 2005. Mr. Raspanti failed to comply. Following, Berrigan Litchfield filed a motion for contempt and sanctions. A short time later, Berrigan Litchfield filed a second motion for sanctions against Mr. Raspanti after he failed to attend a scheduled deposition.

On June 30, 2005, Berrigan Litchfield filed a second peremptory exception of no right of action based on the "unclean hands" doctrine. Pursuant to the

---

[5] La. C.C. art. 2013 states, in relevant part, that "[w]hen the obligor fails to perform, the obligee has a right to the judicial dissolution of the contract, or according to the circumstances, to regard the contract as dissolved."

[6] La. C.C. art. 2030 provides, in pertinent part, that "[a] contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed."

4

unclean hands doctrine "[a] person cannot maintain a cause of action, if, in order to establish his cause of action, he must rely in whole or in part, on any illegal or immoral act or transaction to which he is a part."[7] Although Berrigan Litchfield did not contest the validity of the Fee Agreement, Berrigan Litchfield maintained that Mr. Raspanti judicially confessed[8] in his pleadings that the Fee Agreement was illicit, and that it violated Rule 1.5 (e) of the Louisiana Rules of Professional Conduct.[9] As such, Berrigan Litchfiled asserted that, if the Fee Agreement was a nullity, as claimed by Mr. Raspanti, the unclean hands doctrine precluded Mr. Raspanti from a right of action based on his role in confecting the Fee Agreement.

The district court conducted a hearing on Berrigan Litchfield's two motions for contempt, exception of no cause of action, exception of no right of action and Mr. Raspanti's motion for summary judgment. After the hearing, the district court dismissed, with prejudice, Mr. Raspanti's lawsuit against Berrigan Litchfield and granted Mr. Litchfield's exception of no cause of action. The district court cited Mr. Raspanti's failure to comply with the court-ordered discovery demands as the reason for the dismissal. The district court also determined Berrigan Litchfield's exception of no right of action regarding its unclean hands defense and Mr. Raspanti's motion for summary judgment were moot in light of its dismissal with prejudice of Mr. Raspanti's underlying lawsuit.

---

[7] *See Allvend, Inc. v. Payphone Commissions Co. Inc.*, 2000-0661, p. 6 (La. App. 4 Cir. 5/23/01), 804 So. 2d 27, 30.

[8] La. C.C. art. 1853 provides, in pertinent part, that "[a] judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it."

[9] Louisiana Rules of Professional Conduct Rule 1.5 (e), which will be discussed in more detailed *infra*, outlines the requirements for the division of fees between lawyers not of the same firm.

On appeal, this Court found the district court abused its discretion in dismissing Mr. Raspanti's case, with prejudice, against Berrigan Litchfield and ordered the district court to consider Mr. Raspanti's motion for summary judgment and Berrigan Litchfield's exception of no [right] of action.[10] *Raspanti I.* The *Raspanti I* Court also determined the district court properly dismissed the cause of action against Mr. Litchfield in his personal capacity. *Id.*

Mr. Raspanti was granted leave, on January 20, 2010, to file a second supplemental and amending petition (the "supplemental petition").[11] The supplemental petition named additional parties associated with Berrigan Litchfield as defendants[12] and reiterated Mr. Raspanti's demand that the Fee Agreement be judicially dissolved and declared an absolute nullity. In response, Berrigan Litchfield filed exceptions of no right of action and no cause of action seeking to strike Mr. Raspanti's supplemental petition from the record and/or alternatively, a motion to annul the order granting Mr. Raspanti leave to file the supplemental petition, citing Mr. Raspanti's alleged failure to file the supplemental petition within the time delays outlined in the district court's case management order. Berrigan Litchfield also requested that the district court re-set for hearing its June 2005 peremptory exception of no right of action based on the unclean hands doctrine.

---

[10] The *Raspanti I* Court mistakenly referred to Berrigan Litchfield's mooted exception of no right of action as an exception of no cause of action in its opinion.

[11] Judge James Williams, who had been appointed *ad hoc* to replace the Division's retiring judge, granted Mr. Raspanti leave to file the supplemental petition.

[12] The additional defendants included Berrigan, Danielson, Litchfield, Olsen, Schonekas, and Mann, a partnership including professional law corporations ('the "partnership"), and Joe E. Berrigan, Jr., Allen H. Danielson, Jr., Frederick F. Olsen, Jr., E. John Litchfield, and Arthur s. Mann, who were at all times pertinent, partners in the partnership.

The district court granted Berrigan Litchfield's exceptions of no right of action and no cause of action, and annulled the order which granted Mr. Raspanti leave of court to file the supplemental petition outside of the case management order time delays. The district court denied Berrigan Litchfield's exception of no right of action based on the unclean hands defense, noting that Berrigan Litchfield had failed to plead the unclean hands doctrine as an affirmative defense in its answer. The district court explained that it would not permit Berrigan to amend its answer, considering it had denied Mr. Raspanti's motion for leave to amend his supplemental petition.

On appeal, this Court reversed the district court's judgment granting Berrigan Litchfield's exceptions of no cause of action and no right of action, and motion to annul and remanded the matter. *See Raspanti II*. The *Raspanti II* Court determined that Mr. Raspanti's noncompliance with a case management order was not a proper basis to strike Mr. Raspanti's supplemental petition and dismiss his lawsuit. *Id.* The denial of Berrigan Litchfield's exception of no right of action based on the unclean hands doctrine was not considered on appeal.

Thereafter, on May 23, 2012, Berrigan Litchfield filed its answer to Mr. Raspanti's supplemental petition and specially pled the unclean hands doctrine as an affirmative defense.

On January 26, 2018, Berrigan Litchfield filed a second peremptory exception of no right of action, re-urging its unclean hands defense. Mr. Raspanti filed, on July 30, 2018, a motion for partial summary judgment. He asserted that the uncontested facts showed that Berrigan Litchfield's "admissions"—that it had agreed to pay half of the Keatys' defense costs as part of the consideration for its receipt of the $292,303.15 and had failed to pay said costs—demonstrated that the

7

Fee Agreement should be judicially dissolved pursuant to La. C.C. art. 2013, and/or alternatively, that the district court should declare the Fee Agreement a nullity and restore possession to Mr. Raspanti of the $292,305.12 fee he had tendered to Berrigan Litchfield.

The district court, on November 20, 2018, conducted a hearing on Berrigan Litchfield's exception of no right of action based on its unclean hands defense and Mr. Raspanti's motion for partial summary judgment. The district court maintained Berrigan Litchfield's exception of no right of action, dismissing Mr. Raspanti's lawsuit in its entirety, at his costs, and denied Mr. Raspanti's motion for partial summary judgment.

This appeal followed.

## DISCUSSION

Mr. Raspanti raises two assignments of error: (1) the district court erred in granting Berrigan's exception of no right of action, and (2) the district court erred in denying Mr. Raspanti's motion for partial summary judgment. We will address each assigned error in turn.

### *Exception of No Right of Action*

Mr. Raspanti asserts the district court erred in granting Berrigan Litchfield's exception of no right of action based on three grounds: (i) this Court, in *Raspanti II*, conclusively disposed of any no right of action exceptions when it found Mr. Raspanti's Petition asserted a right of action; (ii) Berrigan Litchfield failed to timely plead the unclean hands doctrine as an affirmative defense; and (iii) Mr. Raspanti did not participate in an "illicit" agreement.

   i.     *Disposition of Exception of No Right of Action based on Unclean Hands*

First, Mr. Raspanti argues that the *Raspanti II* Court's holding that found Mr. Raspanti's Petition stated a right of action foreclosed Berrigan Litchfield's right to bring an exception of no right of action based on unclean hands. We disagree.

The district court's judgment on appeal in *Raspanti II* provided, in pertinent part, the following relief:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the Defendants' Exception of No Cause and No Right of Action is **GRANTED** and that Plaintiff's Second Supplemental and Amended Petition is struck from the record.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants' Exception of No Right of Action is **DENIED**.
>
> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants' Motion to Rescind Order, or Alternatively to Annul Order is **GRANTED IN PART** as follows: the Order granting leave of court to plaintiff to filed his Second Supplemental and Amended Petition is annulled. Attorney's Fees for this Motion are **DEFERRED**.

Review of the record shows the district court did not consider the merits of the exception of no right of action based on unclean hands. Rather, noting that Berrigan Litchfield had not plead unclean hands as an affirmative defense, the district court determined that, because it had annulled and denied Mr. Raspanti's request for leave to file his supplemental petition well beyond the case management order deadlines, in like manner, it could not grant Berrigan Litchfield leave to amend its answer to plead the unclean hands doctrine as an affirmative defense. Thus, the district court denied Berrigan Litchfield's motion. Consequently, the exception of no right of action this Court considered in *Raspanti II* determined only that noncompliance with the court's case management order did not create a basis by which to grant exceptions of no cause of action or no right of

9

action; it did not dispose of the exception of no right of action based on unclean hands. *Raspanti II.*

This argument lacks merit.

*ii.  Unclean Hands Affirmative Defense*

Next, Mr. Raspanti claims that Berrigan Litchfield did not timely plead the unclean hands doctrine as an affirmative defense in its answer. We disagree.

This Court recognizes that La. C.C.P. art. 1005 requires affirmative defenses to be asserted in the answer.[13] The purpose behind the requirement promulgated in La. C.C.P. art. 1005 to specially plead an affirmative defense is "to give fair notice of the nature of the defense and thereby prevent a last minute surprise to the plaintiff." *Allvend*, 2000-0661, p. 6, 804 So.2d at 29. Thus, Berrigan Litchfield was required to affirmatively plead the unclean hands doctrine as a defense in its answer because if proven true, the doctrine could defeat the lawsuit on the merits.

Our review of the record shows that although not initially pled in its original answer, Berrigan Litchfield's answer to Mr. Raspanti's supplemental petition included the following language:

7.

---

[13] La. C.C.P. art. 1005 provides the following:

> The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as a peremptory exception or as an incidental demand, or a peremptory exception as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.

Defendants specifically plead the affirmative defense of the "clean hands doctrine" as set forth in *New Orleans vs. Board of Directors of State Museums*, 739 So.2d 748 (La. 1999) and *Allvend Inc. vs. The Pay Phone Commissions Company, Inc., et al*, 804 So.2d 27 (La. App. 4th Cir. 5-23-01). Plaintiff is in *pari-delicto*, and as such is not entitled to invoke the equitable powers of this honorable court.

In *Danna v. Barq's Inc.*, 612 So.2d 253, 255 (La. App. 4 Cir. 1992), this Court found that affirmative defenses were timely raised where the defendant was granted leave of court to amend its answer and assert its affirmative defenses before the district court granted summary judgment.[14] In the present matter, even though Berrigan Litchfield raised the defense in its 2005 and 2010 preemptory exceptions of no right of action, the district court did not hear argument on the unclean hands defense until after it was timely pled as an affirmative defense in Berrigan Litchfield's answer to the supplemental petition.

Accordingly, we find Mr. Raspanti had adequate notice and Berrigan Litchfield timely pled the unclean hands as an affirmative defense in its answer to Mr. Raspanti's supplemental petition.

This argument is without merit.

### iii. Validity of the Fee Agreement

Finally, Mr. Raspanti contends that the exception of no right of action was improperly granted because Mr. Raspanti did not participate in an "illicit" agreement, albeit he simultaneously argues that Berrigan Litchfield participated in an illicit contract. Conversely, Berrigan Litchfield does not concede that the Fee Agreement was invalid; rather, Berrigan Litchfield bases its unclean hands defense solely on allegations made in Mr. Raspanti's pleadings that the Fee Agreement

---

[14] Pursuant to La. C.C.P. art. 1005, we also note courts have discretion to consider an affirmative defense mistakenly identified as a peremptory exception or an exception mistakenly designated as an affirmative defense.

11

violated Rule 1.5(e) of the Rules of Professional Conduct. After review of the record, we find this claim has merit.

To determine the merits of Berrigan Litchfield's exception, this Court must first examine whether Rule 1.5(e) of the Rules of Professional Conduct is applicable to this case. Rule 1.5(e) in effect at the time of the Fee Agreement provided the following:[15]

> A division of fee between lawyers who are not in the same firm may be made only if:
>
> (1) The division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibilities for the representation;
>
> (2) The client is advised of and does not object to the participation of all the lawyers involved; and
>
> (3) The total fee is reasonable.

In matters such as this, where an attorney associates, employs, or procures another attorney to assist in handling the case, the agreement regarding the division of legal fees is considered a joint venture, whereby the interest each attorney has under such a joint venture gives the parties the right to participate in the fund resulting in the payment of attorney's fees from the client. *Scurto v. Siegrist*, 598 So.2d 507, 509 (La. 1992). The Supreme Court in *Scurto* considered whether the division of a legal fee between lawyers not of the same firm violated the former Code of Professional Responsibility.[16] In *Scurto*, the retained attorney had entered an oral agreement to divide legal fees with another attorney. The agreement

---

[15] Rules of Professional Conduct, Rule 1.5(e), formerly contained in Disciplinary Rule 2-107 of the Code of Professional Responsibility, became effective on January 1, 1987.

[16] The former Code of Professional Responsibility, now governed by the Rules of Professional Conduct, was in effect at the time the *Scurto* fee agreement was entered in 1986.

required the retained attorney to manage the client and advance costs. Finding that the fee agreement arose from a joint venture, the *Scurto* Court opined that "the suit by an attorney to recover pursuant to [an] agreement is a suit to recover for breach of the agreement to share in the fund resulting from payment of the fee. It is not a suit for recovery of attorney's fees." *Id.*, at 509-10 (citing *Duer and Taylor v. Blanchard, Walker, O'Quin and Roberts*, 354 So.2d 192 (La. 1978).[17] As such, *Scurto* held that the Code of Professional Responsibility or (Rules of Professional Conduct) did not prohibit the enforcement of such an agreement and did not require the apportionment of fees on a quantum meruit basis; hence, the district court erred in finding that the contract was in derogation of the Code of Professional Responsibility.

This Court reached a similar result in *Wootan & Saunders v. Diaz*, 2017-0820, pp. 10-11 (La. App. 4 Cir. 3/28/18), --- So.3d ---, 2018 WL 1517030, *6. In *Wootan*, Glenn Diaz and the Wootan & Saunders firm ("WS") entered a fee agreement whereby WS was to receive its portion of the fee in consideration of the work it had already performed and also for continuing to maintain contact with the client. Mr. Diaz argued on appeal that the district court erred in failing to find the

---

[17] *Duer* considered a dispute regarding the division of attorney's fees between two law firms that had agreed to associate in a case. The Supreme Court reasoned:

> Where an attorney retained in a case employs or procures the employment of another attorney to assist him, as regards the division of the fee, the agreement constitutes a joint adventure or special partnership. *McCann v. Todd*, 203 La. 631, 14 So.2d 469 (1943). The interest which each attorney possesses under such an agreement is the right to participate in the fund resulting from the payment of the fee by the client. Therefore, a suit by an attorney against another attorney to recover, pursuant to such an agreement, a portion of the fee collected by the latter party from the client is not one for the recovery of attorney's fees, but rather is one for breach of the agreement to share in the fund resulting from the payment of the fee.

354 So.2d 192, 194-95 (La.1978).

fee agreement was invalid under Rule 1.5(e) because WS received fees disproportionate to the work WS performed. Citing *Scurto*, the Court found the Rules of Professional Conduct did not prohibit the enforcement of the fee-splitting agreement between attorneys in a *Duer* situation. The Court opined that "*Scurto* and its progeny should be applied to deter attorneys from using alleged Rules of Professional Conduct violations to preclude attorneys with whom they have contracted from recovering an earned fee." *Id.*, 2017-0820, p. 12, --- So.3d at *6.[18]

Likewise, we find the Rules of Professional Conduct, particularly Rule 1.5(e), do not apply to the Fee Agreement between Mr. Raspanti and Berrigan Litchfield. The underlying suit between Mr. Raspanti and Berrigan Litchfield is a suit for alleged breach of contract[19] arising out of a joint venture. Mr. Raspanti and Berrigan Litchfield acknowledge that Berrigan Litchfield provided some measure of representation to the Byrds both before and after the Byrds' case was referred to Mr. Raspanti.[20] Mr. Raspanti seeks damages resulting from Berrigan Litchfield's alleged breach of its obligations to pay its share of the Keatys' defense costs. We therefore find the Fee Agreement between Mr. Raspanti and Berrigan Litchfield was one "confected between two professionals and we will not assume the position

---

[18] *See also Fox v. Heisler*, 2003-1964, pp. 9-10 (La. App. 4 Cir. 5/12/04), 874 So.2d 932, 939, another Fourth Circuit case cited by *Wootan & Saunders*, where the Court determined that the Rules of Professional Conduct did not prohibit the enforcement of a fee agreement entered by two attorneys not of the same firm jointly representing a client.

[19] We also note that Mr. Raspanti filed the underlying complaint ten years after the parties confected the Fee Agreement, the liberative prescriptive period for a breach of contract action permitted by La. C.C. art. 3499.

[20] *See* Paragraph VI. of Mr. Raspanti's Petition which references "the limited assistance defendant Litchfield rendered to Roy Raspanti in the representation of Greg and Connie Byrd in <u>Byrd v. Bossier</u>;" and Berrigan Litchfield's Statement of Uncontested Facts which avers, in part, that Mr. Litchfield rendered "extensive and exhaustive assistance" to Connie Byrd and Gregory Byrd" in their attorney fee dispute with the Keatys and further representation in their remaining claims against the Bossier City School Board.

of dictating to attorneys in a *Duer* situation exactly how much work they need to perform to entitle them to a certain fee." *Scurto,* 598 So.2d at 510.

The party pleading an affirmative defense has the burden of proving the defense by a preponderance of the evidence. *Allvend*, 2006-0661, p. 6, 804 So.2d at 30. In the present matter, notwithstanding Mr. Raspanti's representations, the Fee Agreement was not illicit or a nullity in violation of Rule 1.5(e). Accordingly, the district court erred in granting Berrigan Litchfield's exception of no right of action based on the unclean hands doctrine.

### *Summary Judgment*

This Court discussed the standard of review for summary judgment in *Chanthasalo v. Deshotel*, 2017-0521, p. 5 (La. App. 4 Cir. 12/27/17), 234 So.3d 1103, 1109 (citations omitted) as follows:

> Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law bon the facts before the court.

La. C.C.P. art. 966(D)(1) establishes that the mover bears the burden of proof in a motion for summary judgment.

15

In the case *sub judice*, Mr. Raspanti listed the following Statement of Uncontested Facts in his memorandum in support of his motion for partial summary judgment.

1. Defendants agreed to pay one-half (1/2) of the costs of the *Keaty v. Raspanti* litigation "such as court costs, deposition costs and the like."

2. Defendants agreed to pay one-half (1/2) of said costs as part of the consideration for their receipt of the $292,303.15 from plaintiff.

3. Defendants have failed to pay one-half (1/2) of said costs.

4. Defendants have failed to perform their part of the contract relative to their agreement to pay one-half (1/2) of the costs of the *Keaty v. Raspanti* litigation "such as court costs, deposition costs and the like," which agreement defendants admit existed between them and plaintiff.

5. Plaintiff notified defendants on August 14, 2001, in accordance with Louisiana Civil Code articles 2013 and 2016 that he considered the contract dissolved.

In opposition, Berrigan Litchfield filed a Statement of Contested Material Facts which averred the following:

1. E. John Litchfield of Berrigan, Litchfield, et al represented Connie and Gregory in Byrd v. Bossier City Parish School Board for the purpose of terminating the representation of the Keaty and Keaty law firm and obtaining an accounting and proper disbursement of fees and costs in this matter.

2. During the course of such representation, Mr. Litchfield concocted a settlement agreement which resulted in the Keaty and Keaty's firms claim for attorney's fees being severely curtailed and costs;

3. John Litchfield, on behalf of Berrigan Litchfield, Schonekas, Mann, Trainor and Thompson, LLC, agreed to pay one half of the costs of the "Keaty v. Raspanti" litigation such as court cost, deposition cost and the like;

4. Berrigan Litchfield, et al agreed to be responsible for one half of any amounts that Roy Raspanti had to pay to Keaty and Keaty in the event of a judgment or settlement against Roy Raspanti in the Keaty v. Raspanti litigation;

5. At Roy Raspanti's specific request, John Litchfield agreed to pay Joseph Raspanti the full sum of $8,286.00 which represented one half of the attorney's fees that Joseph Raspanti had billed to Roy Raspanti in connection with his representation of Roy Raspanti in the Keaty vs. Raspanti matter.

6. Berrigan Litchfield never agreed to pay one half of any attorney's fee bill of Roy Raspanti under any circumstances;

7. Berrigan Litchfield never agreed to pay one half of any attorney's fee bill of William Cherbonnier under any circumstances, particularly after Mr. Litchfield was threatened with a suit by Mr. Cherbonnier; and

8. Mr. Litchfield rendered extensive and exhaustive assistance under very difficult circumstances to plaintiff Connie Byrd and Gregory Byrd in their dispute with the Keaty and Keaty firm over attorney's fees, costs and further representation of the Byrd's [sic] in their remaining claims against the Bossier Parish School Board.

Clearly, a conflict exists between Mr. Raspanti and Berrigan Litchfield regarding the scope of their oral agreement to equally share in the Keaty defense costs. Berrigan Litchfield specifically denies that it agreed to pay Mr. Raspanti's attorney's fees or the fees of Mr. Cherbonnier, an attorney retained by Mr. Raspanti. Mr. Raspanti has offered no supporting documentation to refute Berrigan Litchfield's contest of some of the Keaty defense costs. Agreement on the Keaty defense costs assumed by Berrigan Litchfield is material to Mr. Raspanti's right of recovery. Hence, Berrigan Litchfield's and Mr. Raspanti's dispute over the Keaty defense costs presents genuine issues of material fact that preclude Mr. Raspanti's right to summary judgment. Accordingly, we find the district court did not err in denying Mr. Raspanti's motion for partial summary judgment.

17

## CONCLUSION

Based on the foregoing reasons, we affirm the district court's denial of Mr. Raspanti's motion for partial summary judgment and reverse the judgment granting Berrigan Litchfield's exception of no right of action.

**JUDGMENT AFFIRMED IN PART; REVERSED IN PART**